AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **17-CI-00007**
Court: **CIRCUIT**
County: **LEWIS**

*Plantiff,* **ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Package:000002 of 000032

The Commonwealth of Kentucky to Defendant:
**GGNSC CLINICAL SERVICES, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Kathy Hardy, Lewis Circuit Clerk
Date: **01/05/2017**

Presiding Judge: HON. ROBERT CONLEY (620263)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Package : 000002 of 000032

Summons ID: 3876942740525@00000025340 ,
CIRCUIT: 17-CI-00007 Certified Mail
ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL





eFiled

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **17-CI-00007**
Court: **CIRCUIT**
County: **LEWIS**

*Plantiff,* **ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**GPH VANCEBURG, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Kathy Hardy, Lewis Circuit Clerk
Date: **01/05/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________ Served By

______________________ Title

Summons ID: 3876942740521@00000025338 ,
CIRCUIT: 17-CI-00007 Certified Mail
ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL

eFiled

Package:000002 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000002 of 000032

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **17-CI-00007**
Court: **CIRCUIT**
County: **LEWIS**

*Plantiff,* **ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**GGNSC ADMINISTRATIVE SERVICES, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Kathy Hardy, Lewis Circuit Clerk
Date: **01/05/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 3876942740523@00000025339 ,
CIRCUIT: 17-CI-00007 Certified Mail
ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL

eFiled

Package:000002 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000002 of 000032

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **17-CI-00007**
Court: **CIRCUIT**
County: **LEWIS**

*Plantiff,* **ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**GPH VANCEBURG, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Kathy Hardy, Lewis Circuit Clerk
Date: **01/05/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 3876942740521@00000025338 ,
CIRCUIT: 17-CI-00007 Certified Mail
ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL

eFiled

Package:000002 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000002 of 000032

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **17-CI-00007**
Court: **CIRCUIT**
County: **LEWIS**

*Plantiff,* **ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**GOLDEN GATE NATIONAL SENIOR CARE, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Kathy Hardy, Lewis Circuit Clerk
Date: **01/05/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 3876942740527@00000025341 ,
CIRCUIT: 17-CI-00007 Certified Mail
ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL

eFiled

Package:000002 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000002 of 000032

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **17-CI-00007**
Court: **CIRCUIT**
County: **LEWIS**

*Plantiff,* **ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**GOLDEN GATE ANCILLARY, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Kathy Hardy, Lewis Circuit Clerk
Date: **01/05/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 3876942740529@00000025342 ,
CIRCUIT: 17-CI-00007 Certified Mail
ALMEIDA, JOSEPH VS. GGNSC VANCEBURG, LLC , ET AL

*e*Filed

Package:000002 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000002 of 000032

**COMMONWEALTH OF KENTUCKY**
**LEWIS COUNTY CIRCUIT COURT**
**DIVISION ______**
**CIVIL CASE # 17-CI-007**

***ELECTRONICALLY FILED***

JOSEPH ALMEIDA, by and through his Guardian,
MARY ANN ALMEIDA PLAINTIFF

v.

GGNSC VANCEBURG, LLC
d/b/a Golden Living Center - Vanceburg
53 Eastham Street
Vanceburg, KY 40601

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GPH Vanceburg, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GGNSC ADMINISTRATIVE SERVICES, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GGNSC CLINICAL SERVICES, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000003 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000003 of 000032

Frankfort, KY 40601

GOLDEN GATE NATIONAL SENIOR CARE, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GOLDEN GATE ANCILLARY, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

Joy Dingess, in her capacity as
Administrator of Golden Living Center - Vanceburg
3116 Breckenridge Lane
Louisville, KY 40220

Serve: Joy Dingess
53 Eastham Street
Vanceburg, KY 40601

and

John Does 1 through 5, Unknown Defendants DEFENDANTS

**COMPLAINT**

COMES NOW Plaintiff, Joseph Almeida, by and through his Guardian, Mary Ann Almeida, and for this cause of action against Defendants, GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg; GPH Vanceburg, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; Joy Dingess, in her capacity as Administrator of Golden Living Center - Vanceburg; and John Does 1 through 5, Unknown Defendants, states:

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000004 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000004 of 000032

1. Mary Ann Almeida is a citizen and resident of the Commonwealth of Kentucky currently residing at 760 McBrayer Road, Lot 79, Clearfield, KY 40313. Mary Ann Almeida is the Guardian of her husband, Joseph Almeida, as appointed by Order of the Lawrence District Court, Case No. 16-H-00036-001 (See Order attached hereto as **Exhibit 1**). Joseph Almeida currently resides at J.J. Gordon Geriatric Center, 270 East Clayton Lane, Louisa, KY 41230. Accordingly, Mary Ann Almeida brings this action on behalf of Joseph Almeida, pursuant to KRS 387.065, the Resident's Rights Statute (KRS 216.515, KRS 216.520) and common law.

2. Upon information and belief, Joseph Almeida was admitted as a resident of GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg located at 53 Eastham Street, Vanceburg, Kentucky 40601 on or around May 6, 2016 and remained a resident there, except for periods of hospitalization, until on or around May 20, 2016.

3. Defendant GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg is a foreign limited liability company with its principal office located at 53 Eastham Street, Vanceburg, KY 41179, and is authorized to do business in the Commonwealth of Kentucky. Upon information and belief, at times material this action, Defendant GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg was the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Defendant GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg was legally responsible for the facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Joseph Almeida. Defendant GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg may be served as indicated in the above caption.

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000005 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000005 of 000032

4. Defendant GPH Vanceburg, LLC is a foreign limited liability company with its principal office located at 7160 North Dallas Parkway, Plano, TX 75024, and is authorized to do business in the Commonwealth of Kentucky. Upon information and belief, at times material to this action, Defendant GPH Vanceburg, LLC owned, operated, managed, controlled, and/or provided services to nursing facilities, including Golden Living Center - Vanceburg, Vanceburg, Lewis County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GPH Vanceburg, LLC in the ownership, operation, management, control, and/or services provided for the facility during the residency of Joseph Almeida. Defendant GPH Vanceburg, LLC may be served as indicated in the above caption.

5. Defendant GGNSC Administrative Services, LLC is a foreign limited liability company with its principal office located at 7160 North Dallas Parkway, Plano, TX 75024. Upon information and belief, at times material to this action, Defendant GGNSC Administrative Services, LLC owned, operated, managed, controlled, and/or provided services to nursing facilities, including Golden Living Center - Vanceburg, Vanceburg, Lewis County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GGNSC Administrative Services, LLC in the ownership, operation, management, control, and/or services provided for the facility during the residency of Joseph Almeida. Defendant GGNSC Administrative Services, LLC may be served as indicated in the above caption.

6. Defendant GGNSC Clinical Services, LLC is a foreign limited liability company with its principal office located at 7160 North Dallas Parkway, Plano, TX 75024. Upon information and belief, at times material to this action, Defendant GGNSC Clinical Services, LLC owned, operated, managed, controlled, and/or provided services to nursing facilities, including Golden Living Center - Vanceburg, Vanceburg, Lewis County, Kentucky. The causes of action made the basis of this suit

Package:000006 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000006 of 000032

arise out of such business conducted by said Defendant GGNSC Clinical Services, LLC in the ownership, operation, management, control, and/or services provided for the facility during the residency of Joseph Almeida. Defendant GGNSC Clinical Services, LLC may be served as indicated in the above caption.

7. Defendant Golden Gate National Senior Care, LLC is a foreign limited liability company with its principal office located at 7160 North Dallas Parkway, Plano, TX 75024. Upon information and belief, at times material to this action, Defendant Golden Gate National Senior Care, LLC owned, operated, managed, controlled, and/or provided services to nursing facilities, including Golden Living Center - Vanceburg, Vanceburg, Lewis County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Golden Gate National Senior Care, LLC in the ownership, operation, management, control, and/or services provided for the facility during the residency of Joseph Almeida. Defendant Golden Gate National Senior Care, LLC may be served as indicated in the above caption.

8. Defendant Golden Gate Ancillary, LLC is a foreign limited liability company with its principal office located at 7160 North Dallas Parkway, Plano, TX 75024. Upon information and belief, at times material to this action, Defendant Golden Gate Ancillary, LLC owned, operated, managed, controlled, and/or provided services to nursing facilities, including Golden Living Center - Vanceburg, Louisville, Jefferson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Golden Gate Ancillary, LLC in the ownership, operation, management, control, and/or services provided for the facility during the residency of Joseph Almeida. Defendant Golden Gate Ancillary, LLC d/b/a Golden Innovations may be served as indicated in the above caption.

Package:000007 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000007 of 000032

9.    Upon information and belief, Defendant Joy Dingess was the Administrator of Golden Living Center - Vanceburg  during the residency of Joseph Almeida. The causes of action that make the basis of this suit arise out of Defendant Joy Dingess' administration of the facility during the residency of Joseph Almeida. Defendant Joy Dingess may be served as indicated in the caption.

10.    John Does 1 through 5, Unknown Defendants are entities and/or persons, either providing care and services to Joseph Almeida, or directly or vicariously liable for the injuries of Joseph Almeida. Plaintiff is currently unable to identify these unknown defendants, despite diligent efforts, but may discover such identities upon further investigation.  Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to care, treatment and services to Joseph Almeida during his residency at Golden Living Center - Vanceburg.

11.    Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg; GPH Vanceburg, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; Golden Gate National Senior Care, LLC; and Golden Gate Ancillary, LLC.

12.    The Nursing Home Defendants controlled the operation, planning, management, budget and quality control of GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg. The authority exercised by Nursing Home Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal

Package:000008 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000008 of 000032

services, and financial, tax and accounting control through fiscal policies established by the Nursing Home Defendants.

13. Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Joy Dingess.

14. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

15. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates all of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

17. Upon information and belief, Joseph Almeida was looking to Defendants for treatment of his total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat him.

18. At relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

19. Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, partner, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

20. Defendants failed to discharge their obligations of care to Joseph Almeida with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through

Package:000009 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000009 of 000032

their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Joseph Almeida, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg, including Joseph Almeida.

21. Due to the wrongful conduct of Defendants, Joseph Almeida suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as, but not limited to, the following injuries:

a) Severe dehydration and volume depletion with acute kidney injury;

b) Hypernatremia;

c) Hypersomality; and

d) other injuries.

22. Joseph Almeida also suffered extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, all of which were caused by the wrongful conduct of Defendants as alleged herein.

**CAUSE OF ACTION AGAINST NURSING HOME DEFENDANTS**

**NEGLIGENCE**

23. Plaintiff incorporates all of the allegations contained in Paragraph 1-22 as if fully set forth herein.

24. Nursing Home Defendants owed a non-delegable duty to Joseph Almeida to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000010 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000010 of 000032

25. Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Joseph Almeida.

26. Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1) ensuring compliance with the rules and regulations designed to protect the health and safety of the residents, such as Joseph Almeida, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2) ensuring compliance with the resident care policies for the facility; and,

3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b) Failure to develop, implement and follow policies to assist Joseph Almeida in attaining and maintaining the highest level of physical, mental and psychological well-being;

c) Failure to maintain/provide all records on Joseph Almeida in accordance with accepted professional standards and practices;

d) Failure to provide the minimum number of qualified personnel to meet the total needs of Joseph Almeida;

e) Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f) Failure to ensure that Joseph Almeida received adequate and proper care;

g) Failure to protect the safety of Joseph Almeida;

h) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Joseph Almeida:

1) received timely and accurate care assessments;

2) received prescribed treatment and diet; and,

Package:000011 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000011 of 000032

3) received timely intervention due to a significant change in condition;

i) Failure to increase the number of personnel at the facility to ensure that Joseph Almeida received timely and appropriate custodial care, including, but not limited to, supervision and a safe environment;

j) Failure to have in place adequate guidelines, and policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

k) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

l) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Joseph Almeida in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

m) Failure to take other necessary and reasonable custodial measures, including timely turning and repositioning of Joseph Almeida, to prevent the onset and/or progression of severe dehydration during the residency;

n) Failure to protect him from in volume depletion, dehydration, and infections;

o) Failure to inform the physician and family of significant changes in condition; and,

p) Failure to administer and secure appropriate medical care.

27. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Joseph Almeida. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Joseph Almeida.

28. Pursuant to KRS 446.070, Plaintiff also alleges Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Joseph Almeida was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be

Package:000012 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000012 of 000032

protected by these statutes. The negligence *per se* of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 *et seq*. and the regulations promulgated there under, by abuse, neglect and/or exploitation of Joseph Almeida;

b) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated there under;

29. As a direct and proximate result of such negligence, oppression, fraud, malice, or gross negligence, Joseph Almeida suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, degradation, hospitalizations, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## MEDICAL NEGLIGENCE

30. Plaintiff incorporates all of the allegations contained in Paragraphs 1-29 as if fully set forth herein.

31. Nursing Home Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

32. Nursing Home Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

Package:000013 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000013 of 000032

a)      The overall failure to ensure that Joseph Almeida received the following:

    1)      timely and accurate care assessments;

    2)      prescribed treatment, hydration and diet;

    3)      necessary supervision; and

    3)      timely nursing and medical intervention due to significant changes in condition.

b)      Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Joseph Almeida throughout his residency and provide a safe environment;

c)      Failure to provide and implement an adequate nursing care plan based on the needs of Joseph Almeida;

d)      Failure to provide care, treatment, diet, monitoring, assistance and medication in accordance with physician's orders;

e)      Failure to adequately and appropriately monitor Joseph Almeida and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

f)      Failure to ensure Joseph Almeida was not deprived of the services necessary to maintain his health and welfare;

g)      Failure to inform the physician and family of significant changes in condition;

h)      Failure to provide proper supervision, treatment, assessment and monitoring of Joseph Almeida in order to prevent dehydration, volume depletion and weight loss;

i)      Failure to administer and secure appropriate medical care following a significant change in condition and/or injury;

33.     It was foreseeable that the breaches of care listed above would result in serious injuries to Joseph Almeida. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000014 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000014 of 000032

34. With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Joseph Almeida.

35. As a direct and proximate result of such negligence, oppression, fraud, malice, or gross negligence, Joseph Almeida suffered the injuries described herein, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

36. Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 35 as if fully set forth herein.

37. Upon information and belief, Joseph Almeida was looking to Nursing Home Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Joseph Almeida received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants, or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Joseph Almeida, to use the degree and skill of care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000015 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000015 of 000032

38. Nursing Home Defendants owed a non-delegable duty to assist Joseph Almeida in attaining and maintaining the highest level of physical, mental and psychological well-being.

39. Nursing Home Defendants owed a duty to Joseph Almeida to maintain their facility, including providing and maintaining medical equipment and supplies, and hiring, supervising and retaining nurses and other staff employees to meets the needs of residents, including Joseph Almeida, and are directly liable for the failure to exercise reasonable care in hiring, supervising, training and retaining sufficient numbers of qualified nurses and other staff employees and caregivers during the residency of Joseph Almeida. Said failures placed the residents of the facility, including Joseph Almeida, at risk of harm, and a result, Nursing Home Defendants are directly liable for injuries suffered by Joseph Almeida as a result of these failures to exercise reasonable care.

40. Nursing Home Defendants owed a duty to Joseph Almeida to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to ensure smoothly run facilities and adequate resident care.

41. Nursing Home Defendants owed a duty to Joseph Almeida to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Joseph Almeida from danger due to his inability to care for himself. Nursing Home Defendants had a duty to protect Joseph Almeida from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his condition or aberration would suggest as likely to happen.

Package:000016 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000016 of 000032

42. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Joseph Almeida.

43. As a direct and proximate result of such negligence, oppression, fraud, malice, or gross negligence, Joseph Almeida suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of the Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

**VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS**

44. Plaintiff incorporates all of the allegations contained in Paragraphs 1 - 43 as if fully set forth herein.

45. Nursing Home Defendants violated statutory duties owed to Joseph Almeida as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*. These statutory duties were non-delegable.

46. The violations of the resident's rights of Joseph Almeida include, but are not limited to, the following:

a) Violation of the right to be free from mental and physical abuse and neglect;

b) Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care for his personal needs;

c) Violation of the right to have a responsible party or family member or his guardian to be informed of the resident's medical condition unless medically contraindicated and documented by a physician in the resident's medical record;

Package:000017 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000017 of 000032

d) Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

e) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs; and

f) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated there under.

47. As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to KRS 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

48. With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Joseph Almeida and, pursuant to KRS 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

Package:000018 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000018 of 000032

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT

## FACTUAL ALLEGATIONS

49. Plaintiff incorporates all of the allegations contained in Paragraph 1 - 48 as if fully set forth herein.

50. As the administrator of GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg , Administrator Defendant Joy Dingess was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Joseph Almeida , as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et seq*.

51. As the alleged holder of a nursing home administrator's license for Golden Living Center - Vanceburg, Administrator Defendant was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

52 Administrator Defendant was also responsible for the total management of Golden Living Center - Vanceburg pursuant to federal law.

53. Administrator Defendant's management responsibilities included ensuring that Golden Living Center - Vanceburg operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

54. Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to

Package:000019 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000019 of 000032

attain or maintain the highest practicable, physical, mental and psychological well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached his duties of care to Joseph Almeida by failing to meet these requirements.

**NEGLIGENCE**

55. Plaintiff incorporates all of the allegations contained in Paragraph 1-54 as if fully set forth herein.

56. As the administrator of Golden Living Center - Vanceburg, Administrator Defendant owed a duty to the residents of Golden Living Center - Vanceburg, including Joseph Almeida, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

57. Administrator Defendant breached his duties owed to the residents of Golden Living Center - Vanceburg including Joseph Almeida, during her tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Joseph Almeida the care he required. The negligence of Administrator includes, but is not limited to, the following acts and omissions:

a) Failure to monitor or provide the number of qualified nursing personnel at the facility to ensure that Joseph Almeida:

1) received timely and accurate care assessments;

2) received prescribed treatment, medication, and diet;

3) received timely custodial, nursing and medical intervention due to a significant change in condition; and

Package:000020 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000020 of 000032

4) was protected from injuries by the correct use of ordered and reasonable safety measures.

b) Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c) Failure to ensure that Joseph Almeida was provided with basic and necessary care and supervision;

d) Failure to ensure that Joseph Almeida received care, treatment, and medication as prescribed or in accordance with physician's orders;

e) Failure to ensure that Joseph Almeida attained and maintained his highest level of physical, mental, and psychosocial well-being;

f) Failure to ensure that Joseph Almeida was treated with the dignity and respect that all nursing home residents are entitled to receive;

g) Failure to provide a safe environment for Joseph Almeida;

h) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

i) Failure to discipline or terminate employees at the facility assigned to Joseph Almeida that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j) Failure to adopt adequate guidelines, policies, and procedures for:

1) investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2) determining the cause of any such deficiencies, violations, or penalties;

3) establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4) determining whether the facility had sufficient numbers of personnel to meet the total needs of Joseph Almeida; and,

5) documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

Package:000021 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000021 of 000032

k)     Failure to maintain all records on Joseph Almeida in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment.

l)     Failure to inform the physician and family of significant changes in condition.

m)     Failure to increase the number of personnel at the facility to ensure that Randall Warner received timely and appropriate custodial care, including, but not limited to, supervision.

n)     Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of Joseph Almeida in order to prevent severe dehydration, volume depletion, and infections.

o)     Failure to ensure that staff administered and secured appropriate medical care as Joseph Almeida's condition deteriorated.

58.     A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in serious injuries to Joseph Almeida. Each of the foregoing acts of negligence on the part of the Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Joseph Almeida as to constitute gross negligence.

59.     Additionally, Administrator Defendant failed to operate, manage or administer Golden Living Center - Vanceburg in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

a)     Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated there under, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 *et seq.*;

b)     Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Joseph Almeida with his needs;

Package:000022 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000022 of 000032

c) Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 *et seq.*;

d) Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Joseph Almeida, and in accordance with the comprehensive assessment and plan of care created at the facility;

e) Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Joseph Almeida in accordance with the resident care plan generated at the facility;

f) Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Joseph Almeida.

g) Failure to ensure a nursing care plan based on Joseph Almeida's problems and needs was established which contained measurable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment when Joseph Almeida's needs changed; and

h) Failure to notify Joseph Almeida's family and physician of a need to alter his treatment significantly.

60. Joseph Almeida was member of a class intended to be protected by the above laws and regulations. The injuries alleged in Paragraph 21 resulted from events the laws and regulations were designed to prevent.

61. It was foreseeable that these breaches of statutory duties would result in serious-injuries to Joseph Almeida. Each of the foregoing acts of negligence *per se* on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Joseph Almeida as to constitute gross negligence.

62. As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, Joseph Almeida suffered the injuries described in Paragraph 21 and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrator Defendant including, but not limited to, medical expenses, extreme pain and suffering, mental

Package:000023 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000023 of 000032

anguish, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

**CAUSES OF ACTION AGAINST ALL DEFENDANTS**

**DAMAGES**

63. Plaintiff incorporates all of the allegations contained in Paragraphs 1-62 as if fully set forth herein.

64. As a direct and proximate result of the negligence of all Defendants as set out above, Joseph Almeida suffered injuries including, but not limited to, those listed herein. As a result, Joseph Almeida incurred significant medical expenses, and suffered embarrassment and physical impairment.

65. Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Joseph Almeida, by and through his Guardian, Mary Ann Almeida, prays for judgment against GGNSC Vanceburg, LLC d/b/a Golden Living Center - Vanceburg; GPH Vanceburg, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; Golden Gate National Senior Care, LLC; Golden Gate Ancillary, LLC; Joy Dingess, in her capacity as Administrator of Golden Living Center - Vanceburg; and John Does 1 through 5, Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

Package:000024 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000024 of 000032

*Respectfully Submitted,*

**GARCIA, ARTIGLIERE & MEDBY**

/s/ M. Brandon Faulkner
Stephen M. Garcia
M. Brandon Faulkner
Perry L. Greer, III
444 East Main Street, Suite 108
Lexington, Kentucky 40507
Telephone:(502) 584-3805
    Facsimile:(502) 584-3811
    ***Attorneys for Plaintiff***

Package:000025 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000025 of 000032

K:\Almeida, Joseph (16-129-KY)\Pleadings\Complaint.doc

AOC-775 Doc. Code: OAG
Rev. 3-07
Page 1 of 2

Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
KRS 387.590; 30A.145

# ORDER OF APPOINTMENT OF GUARDIAN

Case No. 16-H-36-001
Court District
County Lawrence

COMMONWEALTH OF KENTUCKY ex rel

PETITIONER

VS.

Joseph Almeida
RESPONDENT

ENTERED THIS 9 DAY OF Dec, 20 16
BY MAILING COPIES TO ALL COUNSEL OF RECORD
JODI L. PARSLEY, CLERK
LAWRENCE CIRCUIT COURT
BY ________ D.C.

* * * * * * * * * * * *

TO: Mary Ann Almeida
Name

760 McBrayer Rd Lot 79
Clearfield, Ky 40313
Address

YOU ARE HEREBY APPOINTED ☑ Guardian ☐ Limited Guardian of the Respondent and your bond is fixed at the sum of $ ~~500.00~~ No bond required (previously posted)

YOU SHALL perform all orders and decrees of this Court required of you; and further, you shall file with this Court:

☑ An annual report of the personal status and condition of your ward. KRS 387.670.

☑ An inventory of your ward's property within 60 days of this appointment. KRS 387.710(1).

☑ A report and financial account of the personal status and financial condition of your ward bienially within 120 days after the anniversary date of appointment. KRS 387.710(2).

☑ Upon termination of this appointment, you shall forthwith submit a final report in accordance with KRS 387.670(4) and 387.710(3).

RIGHT TO VOTE (check one): Pursuant to the Disability Judgment entered of record in this action, the respondent: ☐ SHALL ☑ SHALL NOT retain the right to vote.

If this order is for LIMITED GUARDIANSHIP, the specific legal rights to which the ward is legally deprived are the rights to: ☐ dispose of property, ☐ execute instruments, ☐ enter into contractual relationship, ☐ determine living arrangements, ☐ consent to medical procedures, ☐ obtain a motor vehicle operator's license and ☐ other ________.

Your powers and duties are LIMITED to: ☐ disposing of property, ☐ executing instruments, ☐ entering into contractual relationships, ☐ determining living arrangements, ☐ consenting to medical procedures, and ☐ other ________

EXHIBIT 1

Package:000026 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000026 of 000032

AOC-775 Doc. Code: OAG
Rev. 3-07
Page 2 of 2

If one is designated, the standby guardian is:

Name: ______________________________

Address: ______________________________

______________________________

THIS ORDER EXPIRES ON: ______________________________

There being no just cause for delay, this is a final and appealable order.

December 8, 2016
Date

[signature]
Judge

Please print or type the Judge's name in the space provided below:

John Kevin Holbrook

* * * * * * * * * * * * *

To Be Completed on Copies Only:

I, ______________________________, Clerk of the ______________________________ District Court, do hereby certify that this is a true and correct copy of the Order of Appointment of Guardian as recorded in my office.

This Order and Qualification is in full force and effect.

______________________________ Date

______________________________ Signature

Copy Distribution:
- Petitioner / Attorney / County Attorney
- Respondent / Attorney
- All persons named in petition
- Facility where or person with whom respondent resides

Certified Copies:
- Guardian / Conservator
- County Clerk. Petitioner is responsible for recording fee.

Package:000027 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000027 of 000032

8

AOC-785 Doc. Code: JDIS
Rev. 3-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice
www.courts.ky.gov
KRS 387.590; 30A.145

**DISABILITY JUDGMENT**

Case No. 16-H-36-001
Court District
County Lawrence
Division Probate

PETITIONER,

VS.

Joseph Almeida
RESPONDENT

8/15/1937
Date of Birth / Social Security Number (not required)

ENTERED THIS 9 DAY OF Dec., 2016
BY MAILING COPIES TO ALL COUNSEL OF RECORD
JODI L. PARSLEY, CLERK
LAWRENCE CIRCUIT COURT
BY [signature] D.C.

* * * * * * * * * * * * *

The Respondent, having been duly examined, represented by counsel and ☐ present ☑ not present in court before a jury, which returned a verdict of:

- ☐ Not disabled in managing his/her ☐ personal affairs or ☐ financial resources.
- ☐ Partially disabled in managing his/her ☐ personal affairs ☐ financial resources.
- ☑ Wholly disabled in managing his/her ☐ personal affairs ☐ financial resources ☑ both personal affairs and financial resources.

IT IS HEREBY ORDERED that the Respondent:

- ☐ Is not disabled as defined in KRS 387.
- ☐ Is partially disabled in managing his/her ☐ personal affairs ☐ financial resources as defined in KRS 387 and a ☐ limited guardian ☐ limited conservator shall be appointed.
- ☑ Is wholly disabled in managing his/her ☐ personal affairs ☐ financial resources as defined in KRS 387 ☑ both personal affairs and financial resources as defined in KRS Chapter 387 and a ☑ guardian ☐ conservator shall be appointed.

THE COURT FURTHER ORDERS, pursuant to KRS 387.580(3)(c) and 387.590(10), regarding the right to vote (check one):

- ☐ The right to vote SHALL be retained.
- ☑ The right to vote SHALL NOT be retained. Finding(s): based upon testimony and inability to communicate or function physically/mentally (Clerk: If this box is checked, mail certified copy to State Board of Elections, 140 Walnut Street, Frankfort, Kentucky 40601).

There being no just cause for delay, this is a final and appealable order.

December 8, 2016
Date

[signature]
Judge

Please print or type the Judge's name in the space provided below:
JOHN KEVIN Holbrook

Copy Distribution:
Original - Court File
Certified Copies - Guardian / Conservator
County Clerk
State Board of Elections (only if Respondent shall not retain the right to vote.)
Copies - Petitioner / Attorney
Respondent / Attorney
All persons / entities named on Petition
Facility where or person with whom Respondent resides

Package:000028 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000028 of 000032

**COMMONWEALTH OF KENTUCKY**
**LEWIS COUNTY CIRCUIT COURT**
**DIVISION ____**
**CIVIL CASE # 17-CI-007**

***ELECTRONICALLY FILED***

JOSEPH ALMEIDA, by and through his Guardian,
MARY ANN ALMEIDA PLAINTIFF

v. **NOTICE OF COMPLIANCE WITH KRS 411.188**

GGNSC VANCEBURG, LLC
d/b/a Golden Living Center - Vanceburg
53 Eastham Street
Vanceburg, KY 40601

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GPH Vanceburg, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GGNSC ADMINISTRATIVE SERVICES, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GGNSC CLINICAL SERVICES, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

K:\Almeida, Joseph (16-129-KY)\Pleadings\Notice.of.Compliance.doc

Package:000029 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000029 of 000032

GOLDEN GATE NATIONAL SENIOR CARE, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GOLDEN GATE ANCILLARY, LLC
7160 North Dallas Parkway
Plano, TX 75024

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

Joy Dingess, in her capacity as
Administrator of Golden Living Center - Vanceburg
3116 Breckenridge Lane
Louisville, KY 40220

Serve: Joy Dingess
53 Eastham Street
Vanceburg, KY 40601

and

John Does 1 through 5, Unknown Defendants DEFENDANTS

*** *** *** ***

Plaintiff hereby gives notice to all interested parties of his compliance with KRS 411.188 by giving the required notification to the potential lienholders on the list attached hereto as **"Exhibit A"**.

K:\Almeida, Joseph (16-129-KY)\Pleadings\Notice.of.Compliance.doc

Package:000030 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000030 of 000032

*Respectfully Submitted,*

**GARCIA, ARTIGLIERE & MEDBY**

/s/ M. Brandon Faulkner
Stephen M. Garcia
M. Brandon Faulkner
Perry L. Greer, III
444 East Main Street, Suite 108
Lexington, Kentucky 40507
Telephone:(502) 584-3805
Facsimile:(502) 584-3811
***Attorneys for Plaintiff***

Package:000031 of 000032

Presiding Judge: HON. ROBERT CONLEY (620263)

Package : 000031 of 000032

K:\Almeida, Joseph (16-129-KY)\Pleadings\Notice.of.Compliance.doc

Filed 17-CI-00007 01/05/2017 Kathy Hardy, Lewis Circuit Clerk

**"EXHIBIT A"**

**POTENTIAL LIEN HOLDERS**

1. MEDICAID
2. MEDICARE

Package:000032 of 000032
Presiding Judge: HON. ROBERT CONLEY (620263)
Package : 000032 of 000032

K:\Almeida, Joseph (16-129-KY)\Pleadings\Notice.of.Compliance.doc

Filed 17-CI-00007 01/05/2017 Kathy Hardy, Lewis Circuit Clerk

Kathy Hardy, Lewis Circuit Clerk
94 Second Street
Vanceburg, KY 41179-0070

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

# KCOJ eFiling Cover Sheet

Case Number: 17-CI-00007

Envelope Number: 387694

Package Retrieval Number: 3876942740525@00000025340

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.68

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. ROBERT CONLEY (620263)

Generated: 1/9/2017 10:17:46 AM



7015 0920 0002 0752 9799
UNITED STATES POSTAGE
PITNEY BOWES
02 1P
$ 012.94⁰
0001936745 JAN 09 2017
MAILED FROM ZIP CODE 41179

KATHY HARDY
CIRCUIT COURT CLERK
LEWIS CIRCUIT & DISTRICT COURTS
LEWIS COUNTY JUSTICE CENTER
94 SECOND STREET, P.O. BOX 70
VANCEBURG, KENTUCKY 41179-0070

CI 17-CI-00007
620263

**CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT KY 40601**